675 A.2d 751

**Edie OWENS, Appellee,**

v.

**THE TRAVELERS INSURANCE CO., as Designee of the Pennsylvania Assigned Claims Plan, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1996.

Filed May 1, 1996.

Michael Senoyuit, III, Montgomeryville, for appellant.

Nicholas J. Renzi, Philadelphia, for appellee.

Before BECK, KELLY, and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant, The Travelers Insurance Co., as designee of the Pennsylvania Assigned Claims Plan, filed the instant appeal from the Honorable Eugene Edw. J. Maier's denial of a motion for summary judgment. Judge Maier concisely summarized the facts as follows:

This action arises from a motor vehicle accident which occurred on July 15, 1992. [Appellee], Edie Owens, claims to have been a pedestrian who was struck by an unidentified motorist near 36th and Spruce Streets in Philadelphia, Pennsylvania. [Appellee] reported the accident to her employer, the Hospital of the University of Pennsylvania who completed an "Employer's Report of Occupation, Injury or

Disease". However, [appellee] failed to report the unidentified motor vehicle accident to the police.

[Appellee] then filed an application for benefits with [appellant] pursuant to the Pennsylvania Financial Responsibility Assigned Claims Plan. On December 6, 1994, [appellant] presented to [the trial court] a Motion for Summary Judgment. The sole issue was whether [appellee] had fulfilled the reporting requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law. 75 Pa.C.S.A. § 1702(3). [The trial court] found that [appellee], through her employer, had satisfied the prerequisites of 75 Pa.C.S.A. § 1702(3) thereby denying the motion.

Trial court opinion, 3/21/95 at 1–2.

Appellant asserts that the trial court erred in finding that the reporting requirements of 75 Pa.C.S.A. § 1702(3) were satisfied.[1] Section 1702(3) of the Motor Vehicle Financial Responsibility Law (MVFRL) requires that an unidentified motor vehicle accident be reported "to the police or proper governmental authority." 75 Pa.C.S.A. § 1702(3). The trial court found that appellee reported the accident to a proper governmental authority when she reported the accident to her employer, the Hospital of the University of Pennsylvania (HUP), who in turn reported it to the Pennsylvania Department of Labor and Industry (DOLI). After reviewing the applicable statute and the relevant case law, we must disagree with the trial court's determination.

In cases where a claimant did not notify the police, our initial inquiry is whether the claimant notified a "governmental authority." In *Gunter v. Constitution State Service Company*, this Court concluded that the Philadelphia Fire and Rescue Squad was a governmental authority. 432 Pa.Super. 295, 304–08, 638 A.2d 233, 238–39, *appeal denied*, 539 Pa. 678, 652 A.2d 1324 (1994). We held that the term "governmental authority" must be read to encompass all government "agents" who are performing governmental "functions" at the

---

1. While the order denying summary judgment is interlocutory, the trial court certified it for review and this Court, on April 10, 1995, granted permission to appeal. *See* 42 Pa.C.S.A. § 702(b).

time of the reporting. *Id.* Relying on Black's Law Dictionary, we defined governmental functions as, *inter alia,* "functions of a municipality which are essential to its existence, in sense of serving public at large, and are to be distinguished from those which are private, which are not necessary to its existence, and which enure to advantage of its inhabitants." *Id.* (quoting Black's Law Dictionary (6th Ed.1990) at 695–96). Since the Emergency Medical Technicians (EMT's) from the Fire and Rescue Squad were acting on behalf of the municipality and were performing essential public safety functions when they responded to the motor vehicle accident, they were included within the scope of the term "governmental authority." *Id.*

 Applying this analysis to the facts of the instant case, it is evident that HUP does not fall within the scope of the term "governmental authority." HUP is a hospital affiliated with the University of Pennsylvania. At the time of the reporting, HUP was acting as a private employer who was simply being notified that an employee may have been injured during the course and scope of her employment. HUP was not performing any essential public functions. Thus, HUP is not a "governmental authority" and appellee could not have satisfied the section 1702(3) reporting requirement by informing HUP of the accident. DOLI, however, is a governmental authority, as it is a department of the executive branch of the Commonwealth of Pennsylvania. Since DOLI is a governmental authority, we must move on to the second part of our inquiry: whether DOLI is a "proper governmental authority."

The MVFRL does not define "proper" as it is used in section 1702(3). Moreover, the only case in the Commonwealth that interprets the term is *Gunter, supra.* While the *Gunter* panel did a thorough analysis of the term "governmental authority," it did not clearly define the qualifying adjective "proper." Nevertheless, in concluding that the Fire and Rescue Squad was a proper governmental authority, despite the fact that the Squad is not ordinarily charged with reporting or investigating motor vehicle accidents, the *Gunter* panel seemed to focus on the prevention of fraud in the recovery of uninsured motorist benefits. A Fire and Rescue Squad's

immediate, on the scene reporting of injury-related information serves to prevent fraud as effectively as a report to the police. Thus, if a particular governmental authority is not one that is ordinarily charged with the reporting or investigating of motor vehicle accidents, such as the police or the Department of Transportation, we must examine whether it is in a unique position to prevent fraud as effectively as the police. *See Gunter, supra.*

Instantly, we conclude that DOLI was not a proper governmental authority for purposes of the section 1702(3) reporting requirements. As the department deals primarily with employment-related issues, it is not ordinarily involved in the reporting or investigating of motor vehicle accidents. Hence, we must consider whether the report to DOLI could have served to prevent fraud as effectively as a report to the police.

Unlike the Fire and Rescue Squad, DOLI is not a part of the government's emergency response team, is not present at the scene of the accident, does not observe, first-hand, the alleged injuries, and does not make a contemporaneous report of the circumstances of both the accident and the injury. Instead, DOLI receives a simple notification, through an individual's employer, that an employee has been injured during the course and scope of employment. *See* 77 P.S. § 994 (relating to an employer's report to the Department of Labor and Industry for Worker's Compensation purposes). This non-contemporaneous, second-hand notification simply does not act to prevent fraud in the reporting of unidentified motor vehicle accidents as effectively as a report to the police. Therefore, we must conclude that DOLI is not a proper governmental authority for purposes of section 1702(3) reporting requirements.

Since the trial court erroneously concluded that appellee satisfied the section 1702(3) reporting requirements by notifying HUP and DOLI, we must reverse the trial court's order denying summary judgment and enter summary judgment in favor of appellant.

Order reversed. Summary judgment entered in favor of appellant. Jurisdiction relinquished.